UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Mauren Jerome Ashford,

                         Plaintiff,                      **Hon. Hugh B. Scott**

                                                        07CV191
                           v.                          (Consent)

                                                        **Order**

Glenn Goord, et al.

                        Defendants
_____

Defendant Charles Bailey has filed a motion to dismiss the complaint in this case (Docket Nos. 23 and 27).

## Background

The plaintiff, Mauren Jerome Ashford ("Ashford"), brings this action under 42 U.S.C. §1983, alleging that his civil rights were violated.[1] The claims in the complaint concern the cancellation of the plaintiff's "conditional release" while incarcerated at the Gowanda and Groveland Correctional Facilities (Complaint ¶¶ 19-58); and alleged retaliation by certain defendants due to the filing of grievances while the plaintiff was incarcerated at the Oneida Correctional Facility (Complaint ¶¶ 59 - 66).

---

[1] The Complaint is 39 pages long (not including attachments) and includes 126 paragraphs (not including sub-paragraphs). (Docket No. 1).

**Motion to Dismiss**

Defendant Charles L. Bailey was served with a Summons and Complaint in this matter by mail on December 22, 2007.  He signed and returned the acknowledgment of receipt, but included a note stating: "I Charles Bailey am a correction sergeant at Coxsackie Correctional.  I was also an officer here at Coxsackie for fifteen years.  I have never worked at Groveland Correctional and have never had any dealings with Mr. Ashford (93-B-2332).  It appears that you have the wrong Bailey."  (Docket No. 28 at ¶ 3).

The plaintiff's Complaint asserts that an individual identified only as "Defendant Bailey" was a correctional officer at the Groveland Correctional Facility. (Docket No. 1 at ¶ 5).  The plaintiff does not again refer to "Bailey" until ¶94 of the Complaint in which he alleges that a number of defendants, including an individual identified only as "Bailey" violated his rights.  Defendant Charles Bailey now moves to dismiss the complaint as against him on the grounds that he is not the individual referred to in the complaint.

In response to the instant motion, the plaintiff does not provide any information upon which it appears he intended to,  or can,  state a claim against the Charles Bailey served in this case. Instead, Ashford asserts that the defendants have "failed to establish that there is no Sergeant Bailey working for the New York State Department of Correctional Services at the Groveland Correctional Facility." (Docket No. 33 at page 4).

There does not appear to be a question that Charles L. Bailey served in this matter is not the individual who worked at the Groveland Correctional Facility against whom the claims in this case are directed. The motion to dismiss the Complaint as against Charles L. Bailey is granted.   The defendants are directed to investigate whether there is a corrections officer named "Bailey" at the Groveland Correctional Facility. See <u>Valentin v. Dinkins</u>, 121 F.3d 72, 75 (2d

Cir.1997) (Second Circuit has recognized that a district court has an obligation to assist an incarcerated *pro se* litigant to obtain discovery necessary to identify an unidentified individual defendant). If such an individual is identified, the defendants shall, within 20 days of the date of this Order, advise the Court whether service may be accepted on behalf of that individual.[2]

So Ordered.

                                                         */s/ Hugh B. Scott*
                                          United States Magistrate Judge
                                          Western District of New York

Buffalo, New York
September 16, 2008

---

[2] The Court notes that the Complaint does not include allegations attributing any specific conduct to the individual identified as "Bailey." Thus, unless an there is a corrections officer at Groveland named Bailey, further information from the plaintiff regarding this individual may be required to identify and serve this defendant.