UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Mauren Jerome Ashford,

                          Plaintiff,             **Hon. Hugh B. Scott**

                                                07CV191
                                                (Consent)
               v.

                                                **Decision**
                                                  **&**
                                               **Order**

Glenn Goord, et al.

                          Defendants

_____

Before the Court are the following motions: plaintiff's motion to amend the Complaint (Docket No. 41); plaintiff's motion to compel discovery (Docket No. 47); plaintiff's motion for the appointment of counsel (Docket No. 64); and defendant's motion for an extension to file dispositive motions (Docket No. 66).

**Background**

The plaintiff, Mauern Jerome Ashford ("Ashford"), commenced this action alleging that his civil rights were violated by defendants Robert Dennison ("Dennison"), Glenn S. Goord ("Goord"), T.E. Murray ("Murray"), Michael Ravideau ("Rabideau"), Mr. Wolcott ("Wolcott"), Rose Schmidt ("Schmidt"), Sheila Tanea ("Tanea"), Mr. Healy ("Healy"), Ms. Donohue ("Donohue"), Ms. Cudney ("Cudney"), Mr. Overfield ("Overfield"), Dominic Martinelli

1

("Martinelli"), Sargent Sansone ("Sansone"), P. Dutcher ("Dutcher"), and Sargent Bailey ("Bailey).

More specifically, Ashford contends that he applied for conditional release on January 28, 2005 (Docket No. 1 at ¶ 19); that he received notice that his residential program was investigated and approved for release purposes (Docket No. 1 at ¶ 24); and that a Certificate of Release was signed by both he and a Parole Officer employed at Gowanda (Docket No. 1 at ¶¶ 25). He states that on February 19, 2005, he was advised by Schmidt that there was a problem with his address and that the field office in Rochester wished to add another condition (Docket No. 1 at ¶ 30)[1]; that Schmidt advised Ashford that the senior parole officer in the Rochester officer wanted to place him on electronic monitoring (Docket No. 1 at ¶ 38). According to the plaintiff, on March 22, 2005, he was advised by Healy that Healy would be Ashford's parole officer (Docket No. 1 at ¶ 43).[2] On April 8, 2005, Ashford was transferred to the Groveland Correctional Facility (Docket No. 1 at ¶ 45). He asserts that on May 22, 2005, he was called into Cudney's office and allegedly told he would be "called down" on a monthly basis because he was being detained beyond his conditional release date (Docket No. 1 at ¶ 47). He claims that in May and June of 2005 he was asked if he wanted to renew his approved residence and that "it had been ascertained by the

---

[1] Although Ashford suggested that Schmidt, who was accompanied by five corrections officers, asked him for his paperwork in a threatening manner (Docket No. 1 at ¶ 27), Ashford acknowledged that he left the meeting without any further incident between himself, Schmidt and the five correction officers (Docket No. 1 at ¶ 41).

[2] Ashford states that he advised Healy of his prior meeting with Schmidt, and that Healy stated that he did not "give a shit" what happened between Ashford and Schmidt. Ashford stated that he proceeded back to his housing location without further incident with Healy. (Docket No. 1 at ¶ 44).

2

Division of Parole" that he had obtained a monetary settlement in another federal court action[3] (Docket No. 1 at ¶ 49). Ashford contends that Cudney and Donohue allegedly stated: "Well, you know how people of the D.O.C.S. (sic) are when it comes to inmate filing and winning lawsuits, they do not like the Courts meddling in their business and they will take adversarial action towards you" (Docket No. 1 at ¶ 50). In essence, Ashford claims that his conditional release was denied because he obtained a settlement in a prior lawsuit against various corrections officials.

The plaintiff also asserts that defendant lodged a false misbehavior report against him, accusing Ashford of sexually assaulting Christopher Brewer, another inmate. Ashford contends that Sansone filed the false misbehavior report at the request of Dutcher and Martinelli, in retaliation for Ashford's filing of grievances against Dutcher and Martinelli. (Docket No. 1 at ¶ 60). The plaintiff was found guilty of the allegations (Docket No. 1 at ¶ 62), and was transferred to the Southport Correctional Facility, and subsequently to the Oneida Correctional Facility to serve 180 days in a Special Housing unit ("SHU"). (Docket No. 1 at ¶ 62-64). The plaintiff contends that, upon appeal, after he had served approximately 160 days in SHU, the decision of the Tier III hearing officer was reversed, and the misbehavior report was expunged. (Docket No. 1 at ¶ 65-66).

---

[3] The plaintiff identifies this as Ashford v. Goord et al., Civ. No. 01CV18, filed in the Western District of New York.

**Motion to Amend the Complaint**

The plaintiff seeks to amend the Complaint, among other reasons, to "relieve defendant Criscolo" and to use Criscolo as a witness (Docket No. 41 at ¶ 2). [4] The Proposed Amended Complaint, at 67 pages long and including almost 200 numbered paragraphs, is hardly a short, concise statement contemplated under Rule 8 of the Federal Rules of Civil Procedure. Ashford names seven additional defendants and includes new claims. In addition to the 15 defendants named in the original Complaint, the Proposed Amended Complaint names the following as defendants: Donald Selsky, A. Ryan, B. Knapp, G. Richards, K. Stevenson, Gary Pundt, and F. O'Berg. The defendants object to the proposed amendments asserting that the plaintiff seeks to introduce claims that are time-barred or otherwise futile.

Generally, Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a party's pleading "shall be freely given when justice so requires." Leave to amend should be given "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." Monahan v. New York City Dep't of Corrs., 214 F.3d 275, 283 (2d Cir.2000). However, " '[w]here it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend.' " Lucente v. International Business Machines Corp., 310 F.3d 243, 258 (2d Cir.2002) (quoting Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir.1993) (per *curiam*)). "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d

---

[4] Inasmuch as Criscolo was not identified as a defendant in the original Complaint, and has not been served in this case, the amendment of the Complaint is not required for this purpose.

Cir.2007); Pappas v. Bank of America Corp., 2009 WL 382602 at *2 (2d. Cir. 2009).

The plaintiff's proposed amendments go far beyond the claims set forth in the original Complaint. More specifically, paragraphs 24[5] through 58 of the Proposed Amended Complaint assert wide-ranging allegations of various incidents between June 19, 2002 and December 8, 2003. These allegations assert that defendant Dutcher verbally abused and harassed him; that Ashford filed a grievance against defendant Martinelli in 2003 alleging that Martinelli harassed and discriminated against him by failing to give him a satisfactory discharge for plaintiff's participation in the Sex Offender Counseling Program; Ashford alleges that Dutcher coerced inmate Richard Schwarz to complain that Ashford had sexually assaulted him; that defendant Sansone filed a false misbehavior against Ashford alleging that Ashford had sexually assaulted Christopher Brewer on May 26, 2003.[6] These claims are based upon allegations occurring more than six years ago, and more than three years prior to the filing of the original Complaint in this case.[7] Thus, these incidents are beyond the statute of limitations for claims brought pursuant to §1983. Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir.1994) (noting that the statute of limitations "[f]or § 1983 actions arising in New York ... is three years"). With the exception of the claim relating to the alleged false misbehavior report regarding a sexual assault on Brewer (which appears to have been untimely even when asserted in the original Complaint), the plaintiff has

---

[5] Paragraphs 1 through 24 of the Proposed Amended Complaint, taking up 11 pages, identify each of the parties and includes a long (three page) preliminary statement.

[6] The substance of the allegations relating to the alleged sexual assault involving Brewer are included in the original Complaint. (See Docket No. 1 at page 61). At this stage of the proceedings, the defendants have not filed a motion seeking dismissal of that claim based upon statute of limitations grounds.

[7] The original Complaint was filed on March 27, 2007 (Docket No. 1).

5

not demonstrated that these newly asserted claims relate back to the claims in the original Complaint.[8]

In paragraphs 59 through 70, Ashford asserts that O'Berg and Pundt attempted to force him to participate in a sex offenders program even after he was no longer required to participate in such a program. He alleges that on September 30, 2004 the "Time Allowance Committee," including Knapp, Richards and Ryan, reduced his "good time" due to his alleged failure to complete the sex offender program. This determination was affirmed by defendant Selsky. However, the plaintiff states that he continued to challenge this determination, and that in 2004 he appeared before another "Time Allowance Committee" while at the Gowanda Correctional Facility, and that all of this "good time" was returned.[9] These claims, which appear to provide the alleged basis to add 6 of the 7 proposed new defendants[10], also fail to relate back to the claims asserted in original Complaint. Amendment of the pleadings to add these claims is unwarranted inasmuch as they seek relief for incidents beyond the three-year statute of limitations.

---

[8] Pursuant to Rule 15(c)(1) of the Federal Rules of Civil Procedure: "An amendment to a pleading relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading ... ."

[9] Inasmuch as the plaintiff admits that his "good time" was restored, the plaintiff has failed to articulate any prejudice from the initial determination that he was required to participate in another sex offender program or and the temporary miscalculation of his "good time" based upon his failure to do so.

[10] These claims include allegations against Selsky, Ryan, Knapp, Richards, Pundt and O'Berg. The Proposed Amended Complaint does not appear to contain *any* allegations of conduct attributed to Stevenson.

In paragraphs 71 through 120 of the Proposed Amended Complaint, Ashford restates the primary claim asserted in the original Complaint – that he was wrongfully denied conditional release because the "Board of Parole" wanted to place new conditions upon him (Proposed Amended Complaint at ¶ 101) and because he had obtained a settlement in a prior lawsuit with the Department of Correctional Services ("DOCS") (Proposed Amended Complaint at ¶ 117). While these allegations bolster the plaintiff's existing claim by providing some additional details of his attempt to gain conditional release, these new allegations do not appear to assert new claims or add new defendants. Courts have denied leave to amend where "the additional allegations merely reiterate and embroider the claims ... already presented in the original Complaint, adding little, if anything, of substance to the case." Scottish Air International v. British Caledonian Group, PLC, 152 F.R.D. 18, 30 (S.D.N.Y.1993) (quoting Coleman v. Ramada Hotel Operating Co., 933 F.2d 470, 473 (7th Cir.1991)); see also O'Brien v. Price Waterhouse, 740 F.Supp. 276, 284 (S.D.N.Y.1990) ("mere elaboration and increased verbiage concerning the same core allegations initially put forward" deemed insufficient to warrant amendment); U.S. ex rel. Bane v. Breathe Easy Pulmonary Services, Inc., 2008 WL 343158, at *2 (M.D.Fla.,2008) (Amendment is unnecessary, as the Court has denied Defendants' motions to dismiss, and the new allegations merely bolster plaintiff's existing claim.).

Although originally named as a defendant in this matter, the original Complaint contains few, if any, allegations regarding conduct attributable to defendant Bailey. In paragraphs 121 to 140 of the Proposed Amended Complaint, the plaintiff sets forth allegations that in May of 2006 Bailey harassed him and directed Corrections Officer Muccigrosso (not named as a defendant in either the original Complaint or the Proposed Amended Complaint) to file a false misbehavior

7

report against Ashford based upon finding contraband in Ashcroft's cell. The defendants do not oppose the plaintiff's request to add the allegations against Bailey. (Docket No. 44 at page 2).

Paragraphs 141 through 156[11] relate to a state court habeas corpus petition filed by Ashford in 2005 challenging whether his previous sentence and the sentence he was presently serving should have been calculated to run concurrently. These allegations do not pertain to any defendant named in either the original Complaint or the Proposed Amended Complaint. This claim does not relate to the original claims in this case, and would appear to be time barred. In addition, to the extent that the plaintiff seeks monetary damages, such a claim would be barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994) (holding that a section 1983 action seeking money damages is not cognizable if a favorable decision would "necessarily imply the invalidity of [a] conviction or sentence," unless such conviction has previously been invalidated), and Edwards v. Balisok, 520 U.S. 641 (1997) (applying Heck to a suit challenging the procedural defects at a prison disciplinary proceeding at which an inmate's good-time credits were revoked).

Based upon the above, the plaintiff's motion to amend the complaint (Docket No. 41) is

---

[11] The remainder of the allegations in the Proposed Amended Complaint, paragraphs 157 through 195, are plaintiff's various causes of action, which reassert portions of the prior allegations and asserting amorphous legal grounds for relief, for example: "By detaining plaintiff without just cause or reason, and solely and exclusively for false, arbitrary and unreasonable grounds, defendants have acted in an unreasonable, arbitrary and capricious manner and has deprived plaintiff of contract terms, fiduciary duty, incorporated particular laws of contract terms specified, covenant of good faith and fair dealing in the course of contract performance, bargain for a mutually-accepted date between principal and agent, actual authority of an agent, and performance of an agent of the New York State Division of Parole as guaranteed under the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution." (Proposed Amended Complaint at ¶ 161). The first six claims asserted in the Proposed Amended Complaint are the same as those asserted in the Original Complaint. The Proposed Amended Complaint purports to add a seventh claim, based upon the recalculation of his sentence as discussed in paragraphs 141-156. For the reasons stated above, the plaintiff's motion to assert this claim in this action is denied.

denied, with the exception that paragraphs 121 through 140 shall be deemed to constitute a supplement to the Complaint and shall be served, along with the original Complaint upon the defendants in this action. The plaintiff's request to include the proposed new claims and additional defendants is denied.

**Motion to Compel Discovery**

The plaintiff seeks to compel the defendants to respond to his various separate requests for the production of documents, interrogatories, and admissions (Docket No. 47 at ¶¶ 2-4). The only specific document identified by the plaintiff is one requesting all grievances and complaints filed against defendants Schmitt, Martinelli, Sansone, Bailey and Dutcher at the Oneida, Gowanda and Groveland correctional facilities since June 1, 2002. (Docket No. 47 at page 4). This request is overly broad. Wright v. Goord, 2008 WL 2788287 (W.D.N.Y. 2008)(Payson, M.J.) (blanket request for all "misconduct complaints, reprimands, investigative reports, grievances" against defendants overbroad and unduly burdensome). Inasmuch as it appears that additional discovery is required in this matter, the plaintiff may, if he chooses to do so, serve a more focused request for this information upon the defendants.

With respect to the plaintiff's interrogatories, the defendants state that answers to the interrogatories have been filed for those defendants who have been served and have appeared in this matter. (Docket Nos. 49, 50, 54, 55, 56, 57, 62 and 63). If these answers to the plaintiff's interrogatories are deficient in any manner, the plaintiff may raise such issue in a subsequent motion. As for the request for admissions, the defendants assert that they were not directly served with such a request. (Docket No. 58 at ¶ 3). Although the plaintiff states that a copy of

the request for admissions is attached to his motion to compel (Docket No. 47 at ¶ 4), no such document is attached. Ashford subsequently filed his request for admissions (Docket No. 53). The defendants state that they are in the process of preparing a response to these requests. (Docket No. 58 at ¶ 3). The defendants shall respond to such request for admissions, with respect to those defendants who have been served and have appeared in this case, within 30 days of the date of this Order.

In light of the above, the plaintiff's motion to compel is granted in part, and denied in part consistent with the above.

**Motion for Appointment of Counsel**

The plaintiff has applied to the Court for the appointment of counsel pursuant to 28 U.S.C. § 1915(e). (Docket No. 64). There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following: (1) Whether the indigent's claims seem likely to be of substance; (2) Whether the indigent is able to investigate the crucial facts concerning his claim; (3) Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) Whether the legal issues involved are complex; and (5) Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997); *see also*

Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986); Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir.2001); Abdur-Raqiyb v. Erie County Medical Center, 2006 WL 1800710, at *1 (W.D.N.Y.,2006). The Court has reviewed the facts presented herein in light of the factors required by law as discussed above. The legal issues in this matter are not unduly complex and the plaintiff has demonstrated an ability to adequately prosecute his claims in this case. Based on this review, plaintiff's motion for appointment of counsel is denied.

**Motion to Amend Scheduling Order**

The defendants seek modification of the scheduling order, particularly as to the date for the filing of dispositive motions, in light of the various service issues in this case. (Docket No. 66).

The Court directed that the United States Marshal effectuate service upon each of the defendants in this case. (Docket No. 6). Only eight of the 15 originally named defendants have been served and answered in this matter. (Docket No. 16). Process was served upon another individual, Charles Bailey, who was determined not to be the individual identified by the plaintiff in this matter. Upon motion, the Complaint was dismissed as against that individual. (Docket No. 35). The Attorney General's Office has since located a proper address for service upon William Bailey, the individual named in the original Complaint. See Docket No. 45, Exhibit B. The Court directs that the United States Marshall take steps to effectuate service upon William Bailey at the location identified by the defendants.

In addition, the docket reflects that summons were returned ***unexecuted*** as to defendants Sansone, Rabideau, Overfield, Tanea and Wolcott. (Docket Nos. 8 and 13). The

11

return of service indicates that defendant Rabideau is deceased. (Docket No. 8). The docket does not reflect any attempt to effectuate service upon Schmidt. The Attorney General's Office is directed to confirm whether or not defendant Rabideau is deceased, in writing **by July 31, 2009**. By that same date, the Attorney General's Office is also directed advise the Court of its efforts to determine addresses at which service may be effectuated upon defendants Sansone, Overfield, Tanea, Wolcott and Schmidt.

The scheduling order in this case will be modified once these service issues are addressed. The date for the filing of dispositive motions is stayed at this time.

To the extent that the Court has deemed paragraphs 121 to 140 of the Proposed Amended Complaint to be a supplement to the Complaint ("Supplemental Complaint") in this matter, the existing defendants shall answer or otherwise respond to those allegations within 20 days of the date of this Order. With respect to the yet unserved defendants, the Supplemental Complaint shall be served along with the Summons and Complaint in this matter.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
July 10, 2009